IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CRAIG JEFFERY HARRELL, | : |
| Plaintiff, | : |
| VS. | : |
| Officer SHELLY, Warden SHIVERS, Deputy Warden FLOYD, and Counselor SANDRA FISHER, | : |
| | NO. 1:11-CV-7 (WLS) |
| Defendants. | **ORDER & RECOMMENDATION** |

Plaintiff **CRAIG JEFFERY HARRELL**, a prisoner at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's motion to proceed *in forma pauperis*. (R. at 10). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Rogers State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

2

law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff states that on September 17, 2010 he was incarcerated and working at Mitchell County Correctional Institute. Plaintiff alleges that when he stopped in the hall to speak with Officer Hayes, Officer Shelly "came beside [him and] removed a pair of wire strippers and a pair of channel locks from [Plaintiff's] front left pants pocket." Plaintiff maintains that Officer Shelly then used the channel locks "to grab at [Plaintiff's] groin [and] the channel locks scraped across [his] penis."[1] Plaintiff states that he retrieved the tools from Officer Shelly and walked away. Plaintiff alleges that he tried to call the "hotline to report the sexual assault" but the phone would not allow the call to the statewide hotline. Plaintiff states that when Officer Shelly returned to work "on Monday" he "glare[d] at [plaintiff] and made [him] feel very uncomfortable." Plaintiff asserts that he requested to be transferred to another county camp or to have Officer Shelly suspended. Plaintiff

---

[1] It does not appear that this incident involved any type of exposure of Plaintiff's genitals. "Therefore, under existing precedent, [Plaintiff's] allegations do not implicate the right to bodily privacy." ***Bonner v. Chambers County***, 2007 U.S. Dist. LEXIS 54550 at *58 n.23 (M. D. Ala. July 26, 2007).

alleges that "[t]hey would not suspend him and they eventually transferred [Plaintiff] back to another state camp as if [he was] being punished for filing the grievance." In response to an Order to Supplement Complaint, Plaintiff states that Warden Shivers, Deputy Warden Floyd, and Counselor Sandra Fisher[2] had him transferred in retaliation for filing the grievance against Officer Shelley (R. at 11).

Plaintiff requests damages and to have Officer Shelly fired. The Court first notes that it has no authority to have a prison official fired or removed from his or her employment. Plaintiff seeks no other type of injunctive or declaratory relief and, in fact, he could not seek such relief because he is no longer incarcerated at Mitchell County Correctional Institute. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

For this reason is it **RECOMMENDED** that Plaintiff's request to have Officer Shelly fired be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

In relation to Plaintiff's claim that Officer Shelly sexually assaulted him, the Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006). "'Sexual abuse

---

[2]The Clerk of Court is **DIRECTED** to add Warden Shivers, Deputy Warden Floyd, and Counselor Sandra Fisher as Defendants in the heading of this action.

of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id*. (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) (citation and quotation omitted). The Eleventh Circuit has concluded that "there is an objective component of the Eighth Amendment inquiry, which requires that the injury be 'objectively, sufficiently serious,' and a subjective component, which requires the prison official have a 'sufficiently culpable state of mind'." *Id*. (quoting *Farmer v. Brennan*, 51 U.S. 825, 834 (1994)). "[A]n injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Id*. (citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)).

Viewing the facts in the light most favorable to Plaintiff and construing the complaint liberally, there was a one-time incident involving Officer Shelly scraping across Plaintiff's penis with a pair of channel locks. This behavior is certainly inappropriate and deplorable. However, it is not objectively harmful enough to establish an Eighth Amendment violation. *See Boxer X*, 437 F.3d at 1111; *Robinson v. Davis*, 2008 U. S. Dist. LEXIS 111862 at 40-41 (N. D. Fla. Dec. 23, 2008)(listing cases in which the courts held that single groping or touching incidents by prison officials, while offensive and inappropriate, do not amount to Eighth Amendment violations).

The Court also notes that in relation to the touching incident, Plaintiff has alleged emotional injury; as opposed to any type of physical injury. Plaintiff requests "to receive monetary compensation for the **mental issues** towards officers [he has] now developed." (emphasis added). Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined

in a jail, prison or other correctional facility for mental or emotional injury suffered in custody without a prior showing of physical injury. *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

It is **RECOMMENDED** that Plaintiff's claim that Officer Shelly sexually assaulted him be **DISMISSED** from this action. As this is the only claim against Officer Shelly, it is also **RECOMMENDED** that Officer Shelly be **DISMISSED** from the action as well.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff also raises a First Amendment claim of retaliation. Plaintiff states that Defendants Warden Shivers, Deputy Warden Floyd, and Counselor Sandra Fisher had him transferred because he filed a grievance regarding Officer Shelly's sexual assault. The First Amendment prohibits prison officials from retaliating against prisoners for exercising their free speech. *Crawford-El v. Britton*, 523 U. S. 574 (1998). "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having field a grievance." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).

The Court cannot find, at this stage in the litigation, Plaintiff's retaliation claim against Warden Shivers, Deputy Warden Floyd, and Counselor Sandra Fisher is frivolous. Therefore, this claim shall go forward against Defendants **SHIVERS, FLOYD, AND FISHER**.

It is hereby **ORDERED** that service be made against these Defendants and that they file a

Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served

and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

. **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained,

**INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 4th day of April, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb