IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CRAIG JEFFERY HARRELL, | : |
| Plaintiff, | : |
| VS. | : |
| | :      1 : 11-CV-7 (WLS) |
| WARDEN SHIVERS, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on December 29, 2010, alleging Defendants transferred him to a different facility out of retaliation. (Docs. 1, 11). Presently pending in this action is Defendants=Motion for Summary Judgment. (Doc. 30).

## Background

Plaintiff, who was housed at Mitchell County Correctional Institute ("MCCI") during the relevant time, maintains that Defendants Warden Shivers, Deputy Warden Floyd, and Counselor Sandra Fisher transferred Plaintiff to a different facility out of retaliation for filing a grievance against now-dismissed defendant Officer Shelly. (Docs. 1, 11).

Defendants filed their Motion for Summary Judgment on July 5, 2012. (Doc. 30). The following day, the Court notified Plaintiff of the filing of Defendants=Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 34). As of the date of this Recommendation, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment.

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed R. Civ. P. 56(e)(3).

**Discussion**

Retaliation occurs when a prison official disciplines a prisoner for filing complaints, grievances, or lawsuits, or otherwise exercising his First Amendment right. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). "While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials." *Williams v. Brown*, 347 Fed. Appx. 429, 435 (11th Cir. 2009) (internal citations omitted).

In asserting that they are entitled to the entry of summary judgment, Defendants have submitted the affidavit of Defendant Jerry Floyd and copies of a grievance filed by Plaintiff. (Doc. 33).

Defendants' evidence shows that Plaintiff filed a grievance on September 17, 2010, wherein he requested that he be transferred to a different facility based on the alleged incident that occurred between Plaintiff and now-dismissed defendant Officer Shelly. (Docs. 33, Affidavit of Floyd, ¶ 8; 33, Exhibits A and B). Defendant Floyd testified that, following the grievances, Plaintiff was transferred to Rogers State Prison on October 14, 2010. (Doc. 33, Affidavit of Floyd, ¶ 9). Plaintiff has provided no evidence to refute this testimony. In fact, in Plaintiff's Complaint, which was signed under penalty of perjury, Plaintiff stated that he "asked the administration to either suspend Ofc. Shelly or transfer [Plaintiff] to another county camp." (Doc. 1).

Herein, there is no evidence to support Plaintiff's allegations that he was transferred in retaliation for filing a grievance. Rather, Plaintiff requested to be transferred after the alleged incident with Officer Shelly. As such, no genuine issue of fact remains regarding Plaintiff's

retaliatory transfer claim.  *See Dickerson v. Chatman*, 2008 WL 4155624, * 3 (M.D. Ga. Sept. 5, 2008) (granting summary judgment in favor of the defendants when the plaintiff alleged that he was transferred out of retaliation, but the evidence showed Plaintiff had requested the transfer).

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf